```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROBERT CONWAY,<br><br>    Plaintiff,<br>v.<br><br>COUNTY OF CAMDEN; CAMDEN<br>COUNTY BOARD OF CHOSEN<br>FREEHOLDERS; WARDEN, CAMDEN<br>COUNTY CORRECTIONAL FACILITY;<br>CORRECTIONAL OFFICERS JANE &<br>JOHN DOES 1 THROUGH 100,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-09550(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Robert Conway, Plaintiff Pro Se
296745-C
Bayside State Prison4293 Rt. 47
P.O. Box F-1
Lessburg, NJ 08327

**SIMANDLE, District Judge:**

I.   INTRODUCTION

Plaintiff Robert Conway seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the County of Camden ("County"), Camden County Board of Chosen Freeholders (collectively "Freeholders"), Warden of Camden County Correctional Facility ("Warden"), and Correctional Officers Jane & John Does 1 through 100 ("collectively "Officers") for allegedly unconstitutional conditions of confinement in Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry

1. At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

**II. BACKGROUND**

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF from June 25, 203 to August 2016, when he was held as a pre-trial detainee, as well as until September 14, 2016 when he was held as a convicted inmate, prior to sentencing. Complaint ¶ 9-10. During these times, Plaintiff was housed in an overcrowded and unsanitary cell. He further alleges he was housed in a two-person cell with three other people and required to sleep on the floor next to the toilet with only a thin mattress. *Id.* ¶ 12-14. He further states there was only one set of fingernail clippers for all the inmates on the unit, and he sustained a skin infection. *Id.* ¶ 14. He states the housing unit was unsanitary with mold throughout, causing him to sustain respiratory problems. *Id.* ¶ 18. He alleges that to "cover up

this mold" defendants would just paint over it to conceal these conditions. *Id.* ¶ 25. He also alleges a lack of hot water in the cells and only cold air would be circulated, even in the winter. *Id.* ¶ 18, 24. He also alleges he sustained insect bites and was housed with inmates infected with M.R.S.A. *Id.* ¶ 19. He alleges all defendants were notified of these complaints. *Id.* ¶ 21, 26. He seeks relief in the form of compensatory and punitive damages. *Id.* ¶ 40.

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915, 1915A and 42 U.S.C. § 1997e because Plaintiff is a prisoner

proceeding in forma pauperis and is seeking redress from government officials about the conditions of his confinement.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

28 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. DISCUSSION**

Plaintiff alleges he experienced unconstitutional conditions of confinement during his detention at CCCF as both a pretrial detainee and convicted inmate. Plaintiff alleges unconstitutional violations of Freedom of Speech and Access to the Courts. Plaintiff also alleges violations of the New Jersey State Constitution. Plaintiff's complaint shall proceed in part.

**A. Fourteenth Amendment Claim**

Plaintiff alleges he experienced unconstitutional conditions of confinement at CCCF due to overcrowding and other unsanitary conditions. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Plaintiff was detained in the CCCF from June 25, 2013 to August 2016 as a pretrial detainee. Complaint ¶ 10. As a pretrial detainee, plaintiff's condition of confinement claim is analyzed under the Fourteenth Amendment as opposed to the Eight Amendment. *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir.2008).

The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell*, 441 U.S. at 542). Overcrowding leading to conditions that "cause inmates to endure such genuine privations and hardship over an extended period of time" and that "become excessive in relation to the purposes assigned to them" does constitute unconstitutional punishment, however. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal citations and quotation marks omitted).

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutional conditions of confinement against the defendants. Considering the totality of the circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled a plausible basis for a claim that he experienced unconstitutionally punitive conditions at CCCF as a detainee. This claim shall therefore be permitted to proceed.

**B. Eighth Amendment Claim**

Plaintiff alleges he experienced unconstitutional conditions of confinement at CCCF due to overcrowding and other unsanitary conditions for the time he was detained in CCCF as a convicted inmate. Complaint ¶ 31, 9-10. As a convicted prisoner, plaintiff's condition of confinement claim is analyzed under the Eight Amendment. *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir.2008). The Fourteenth Amendment provides greater protection to pretrial detainees than the Eighth Amendment provides to convicted prisoners because pretrial detainees may not be subjected to punishment, whereas convicted prisoners may not be subjected to cruel and unusual punishment. *Hubbard*, 399 F.3d at 166.

In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege both an objective and subjective element. *Ingalls v. Florio,* 968 F.Supp. 193, 198 (D.N.J. 1997). He

7

must first demonstrate the serious deprivation of a basic human need. *See Wilson v. Seiter,* 501 U.S. 294, 308 (1991); *Young v. Quinlan,* 960 F.2d 351, 365 (3d Cir.1992). "[T]he deprivation caused by the prison official's act or omission [must be] sufficiently serious to result in the denial of the minimal civilized measure of life's necessities." *Ingalls,* 968 F.Supp. at 198 (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wilson,* 501 U.S. at 304 (1991); *Nami v. Fauver,* 82 F.3d 63, 67 (3d Cir. 1996)). He must also show that the official "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." *Ingalls,* 968 F.Supp. at 198 (citing *Farmer,* 511 U.S. at 834; *Wilson,* 501 U.S. at 305; *Nami,* 82 F.3d at 67). The duration of the alleged violation is a particularly important factor to be considered in conducting this examination.

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as sleep, food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets. *Wilson,* 501 U.S. at 304.

Indifference may be established by the response to a prisoner's needs or by intentional deprivation of a need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Use of

'deliberate,' ... arguably requires nothing more than an act (or omission) of indifference to a serious risk that is voluntary, not accidental." *Farmer v. Brennan*, 511 U.S. 825, 840 (1994)(comparing *Estelle,* 429 U.S. at 105.) "And even if 'deliberate' is better read as implying knowledge of a risk, the concept of constructive knowledge is familiar enough that the term 'deliberate indifference' would not, of its own force, preclude a scheme that conclusively presumed awareness from a risk's obviousness." *Id*. at 841.

The conditions alleged, in their totality, potentially deprive inmates of the basic human necessities of sleep, sanitation, and health. Plaintiff alleged that there has been a longstanding history of overcrowding at this facility and defendants have continued to overcrowd inmates in an unsanitary, inhumane and degrading condition. Complaint ¶ 23. Plaintiff alleges a totality of conditions from overcrowding forcing plaintiff's to sleep near the toilet, causing urine and feces to splash onto them; mold throughout the unit that was continuously painted over, causing respiratory problems; no hot water/ extremely cold air in the cells for months; lack of access to cleaning supplies; and insect bites from infestation in the living areas. *See* Complaint, generally.

Consistent with these conditions being reported, Plaintiff states various Correctional Officers would respond, "There is

9

nothing that could be done, and this has been going on for years." Complaint ¶ 20. This creates a reasonable inference that staff at the facility was aware of the conditions and nothing was done to alleviate the conditions.

It is possible to establish deliberate indifference under the Eighth Amendment based on the obviousness of a risk. *See Beers Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)("subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk") (quoting *Farmer,* 511 U.S. at 842).

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutional conditions of confinement as a convicted prisoner that may be able to be viewed to amount to an eighth amendment violation to survive this Court's initial screening. This claim shall therefore be permitted to proceed.

**C. Access to the Courts Claim**

Plaintiff has alleged an "access to the courts" claim (Complaint ¶ 32), however has failed to allege any facts to satisfy this claim. "To establish a cognizable [access to the courts] claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a claim." *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012) (citing *Christopher*

*v. Harbury*, 536 U.S. 403, 415 (2002)). Additionally, "the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement [and] a prisoner must demonstrate that no other remedy will potentially compensate for the lost claim." *Id.* (internal citations omitted).

Even construing Plaintiff's complaint liberally, as this Court is required to do, in support of this claim Plaintiff merely alleges he "attempted to obtain grievance forms and an Inmate handbook, which he was denied." Complaint ¶ 11. This is insufficient to allege an access to the courts claim as Plaintiff has not identified a non-frivolous claim he has lost or alleged that the policies impacted his criminal case. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."). This claim is dismissed without prejudice, and Plaintiff may amend this claim if he is able to allege facts that address the deficiencies noted by the Court.[1]

---

[1] In the event Plaintiff elects to move to amend his complaint under Federal Rule of Civil Procedure 15, he should note that once an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt

11

**D. First Amendment Freedom of Speech Claim**

Plaintiff has alleged a "Freedom of Speech" claim (Complaint ¶ 33). He has failed, however, to allege any facts to serve as the basis for this claim. Even construing this claim liberally, this Court cannot find any factual allegations within Plaintiff's complaint to support this claim.

The First Amendment offers protection for a wide variety of expressive activities. *See* U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). To state a freedom of speech claim which is often interpreted as a retaliation claim, Plaintiff must, as a threshold matter, establish "that the conduct which led to the alleged retaliation was constitutionally protected." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). Next, Plaintiff must assert "he suffered some adverse action at the hands of the prison officials," such that "the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." *Id.* (internal citations

---

some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

omitted). Finally, Plaintiff must establish "a causal link between the exercise of his constitutional rights and the adverse action taken against him," by showing that "the constitutionally protected conduct was a substantial or motivating factor in the decision to discipline the inmate." *Id.* (internal citations omitted). Filing grievances "against prison officials constitutes constitutionally protected activity." See *Mearin v. Vidonish*, 450 Fed.Appx. 100, 102 (3d Cir. 2011). However, the Court can discern no allegations set forth by Plaintiff of an adverse action that causally resulted from his constitutionally protected activity of filing grievances.

At best, Plaintiff asserts he "was prevented from filing any formal grievances due to the Camden County Correctional Facility Staff refusing to supply him with grievance forms, and advising him about the Grievance Procedure." Complaint ¶ 28. Further, Plaintiff asserts he "attempted on numerous occasions to file grievances in the form of a letter written on paper but those letter/ grievances were never responded to." *Id.* Other than these assertions, Plaintiff does not allege any additional facts to support this claim. For instance, his complaint is devoid of any alleged retaliatory conduct that would deter a reasonably firm prisoner from exercising his First Amendment rights, such as being placed in segregation.

To the extent Plaintiff alleges a due process violation in the context of filing grievances, none of the allegations set forth in his complaint deprived him of due process or implicated a liberty interest. Thus, Plaintiff's claim that his rights were violated by denying him his grievances fails to state a claim. Accordingly, this claim is dismissed without prejudice, and Plaintiff may amend this claim if he is able to allege facts that address the deficiencies noted by the Court.

**E. New Jersey Constitutional Claims**

Plaintiff has alleged violations of the New Jersey State Constitution. Complaint ¶ 34-36. Construing Plaintiff's complaint liberally, plaintiff is alleging a violation of the New Jersey Constitution and New Jersey Civil Rights Act. The New Jersey Civil Rights Act ("NJCRA") is analogous to 42 U.S.C. § 1983 in that it creates a private right of action for violation of civil rights secured by the New Jersey Constitution, the law of the state of New Jersey, and the Constitution and laws of the United. States. *Gormley v. Wood-El*, 218 N.J. 72, 97 (N.J. 2014). It provides, in part: "Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges, or immunities secured by the Constitution or laws of this State. . .may bring a civil action for damages and or injunctive or other

appropriate relief." *N.J. Stat. Ann. § 10:6-2 (c)*. The NJCRA has been viewed to be coextensive with its federal counterpart.

Therefore, the Court will proceed any claims arising under the New Jersey Constitution and NJCRA that are coextensive of the federal counterpart.

**F. New Jersey Administrative Code Claim**

Plaintiff alleges a violation of New Jersey Administrative Code § 10A-31-14.4, Grievance Procedure. Complaint ¶ 37. *N.J.A.C § 10A-31-14.4* states, "A written inmate grievance procedure shall be afforded to all inmates which shall include at least one level of appeal." However, there is no private cause of action explicitly created by Title 10A of the New Jersey Administrative Code. *See Maqbool v. Univ. Hospital of Medicine & Dentistry of New Jersey*, 2012 WL 2374689, at *4 (D.N.J. June 13, 2012); *Ali v. D.O.C.*, 2008 WL 5111274, at *7 (D.N.J. Nov. 25, 2008). Therefore, because no private cause of action exists within the regulation at issue, Plaintiff's claim as to a violation of *N.J.A.C. § 10A-31-14.4* is dismissed with prejudice.

**G. Appointment of Pro Bono Counsel**

The Court is aware that Plaintiff filed an application for the appointment of pro bono counsel (Motion for Counsel, Docket Entry 6); however, the Court will defer ruling on that application at this time.

**V. CONCLUSION**

For the reasons stated above, the complaint shall proceed as discussed above. An appropriate order follows.

**August 30, 2017**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge